IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RICKEY RONNELL EWING                                                               PLAINTIFF

v.                                                                                    No. 4:14CV98-SA-DAS

LOUIS KEATON, ET AL.                                                              DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Ricky Ronnell Ewing who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved [15] to dismiss the complaint for failure to exhaust administrative remedies. Ewing has not responded to the motion, and the deadline to do so has expired. For the reasons set forth below, the defendants motion [15] to dismiss will be granted and the case dismissed for failure to exhaust administrative remedies.

**Exhaustion of Administrative Remedies**

Although exhaustion of administrative remedies is an affirmative defense, normally to be pled by a defendant, the court may dismiss a *pro se* prisoner case if failure to exhaust is apparent on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007). The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The administrative remedy program ("ARP") in place at the Mississippi Department of Corrections ("MDOC") facilities, including the facilities at the Marshall County Correctional Facility, has been approved by this court in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss.

1971) (order dated February 15, 1994). A district court may dismiss a lawsuit if the plaintiff fails to complete the ARP. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). While the exhaustion requirement is not jurisdictional, *id.* at 293-95, "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted before the filing of suit should be imposed." *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998); *Smith v. Stubblefield*, 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted).

Ewing alleges that the defendants attacked him on September 10, 2013, in an attempt to recover contraband he had placed in his rectum. He also alleges that the defendants have denied him adequate medical treatment for an injury to his eye that he claims resulted from the attack. These claims must be dismissed for failure to exhaust administrative remedies. Ewing filed the complaint in this case on June 30, 2014. Ewing has not filed a grievance regarding the alleged attack, and, though he did file a grievance regarding medical care for his eye, he did not complete the grievance process until September 9, 2014, *after* he filed the instant complaint. Thus, as set forth above, the instant case must be dismissed for failure to exhaust administrative remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 10th day of February, 2015.

      /s/ Sharion Aycock
      **U.S. DISTRICT JUDGE**